FILED IN CLERK'S OFFICE
U.S.D.C. -

SEP 0 1 2004

LUTHER D. THOMAS, Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DONNA F. HIGDON,                )
                                )
        Plaintiff,              )        No. ___ 4:04-CV-210
                                )
v.                              )                -HLM
                                )
W.A. KENDALL & CO., INC.,       )
                                )
        Defendant.              )

## NOTICE OF REMOVAL

TO:    The Honorable Judges
       United States District Court
       Northern District of Georgia

The Defendant, through its undersigned attorneys, hereby removes the action described in

Paragraph 2 below from the Superior Court for Catoosa County, Georgia and as grounds for

removal respectfully shows as follows:

1.    This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1331.

2.    An action was commenced against Defendant in the Superior Court for Catoosa

County, Georgia entitled Donna F. Higdon v. W.A. Kendall & Co., Inc. (Case No. 04CV01195),

a complete copy of which is attached hereto as Exhibit A. No further proceedings have been had

therein.

3.    Defendants registered agent received service of the Summons and Complaint on

or about August 3, 2004. The removal of this action is therefore within the time frame

prescribed by 28 U.S.C. § 1446. A copy of the removal notice being contemporaneously filed in

the Superior Court for Catoosa County, Georgia is attached hereto as Exhibit "B".

4.     This notice is being filed within thirty (30) days after Defendants received service of the complaint and is timely filed under 28 U.S.C. § 1446(b).

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.     Plaintiff filed her complaint seeking relief under Federal law – the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et. seq.

WHEREFORE Defendants give notice that the above action now pending against it in the Superior Court for Catoosa County, Georgia be removed to this Court.

Respectfully submitted this 31 st day of August 2004.

Chad A. Shultz Ga. Bar No. 644440
FORD & HARRISON, LLP
1275 Peachtree Street NE
Suite 600
Atlanta, Georgia 30309
(404) 888-3800

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing upon the following via U.S. Mail, postage prepaid, on this ___ day of August, 2004:

Cynthia D. Hall
Frank P. Pinchak
Shumacker Witt Gaither & Whitaker, P.C.
1100 SunTrust Bank Building
736 Market Street
Chattanooga, TN 37402-4856

H. Kimbrell Sawyer III
Sawyer & Sawyer
7587 Nashville Street
Ringgold, GA 30736

Atlanta:350965.1

Exhibit "A"

# IN THE SUPERIOR COURT FOR CATOOSA COUNTY, GEORGIA

DONNA F. HIGDON, Individually and as a
Representative of similarly situated
employees,

        Plaintiff,

v.

W. A. KENDALL & CO., INC.,

        Defendant.

No. O4CV01195

JURY DEMAND

Collective Action

CATOOSA COUNTY, GA
FILED IN OFFICE
8 - 3 2004
Sandy Lowery
DEPUTY CLERK

## COMPLAINT

1.      Plaintiff is a citizen and resident of the State of Tennessee, residing in Sale Creek, Tennessee.

2.      Defendant is a corporation organized under the laws of the State of Georgia with its principal office in Lawrenceville, Gwinnett County, Georgia.

3.      The matters giving rise to this lawsuit occurred in Catoosa County, Georgia, where Defendant employed Plaintiff in various positions from November 2003 until Plaintiff was forced to quit her job, *i.e.*, she was constructively discharged, in April 2004 on account of repeated sex-related harassment and threats.

4.      At all times material, Defendant was engaged in the business of clearing lines for various public utilities. Defendant was at all times material an employer subject to the provisions of the Fair Labor Standards Act, the Equal Pay Act, and Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991.

5.      During the course of her employment, Plaintiff was subjected to severe, extreme, threatening, and horrific harassment on account of her sex, female. She complained of this

conduct to members of management, but to no avail. The harassment and the threats of physical violence substantially altered Plaintiff's working conditions on account of her sex. Plaintiff was eventually forced to quit her job because the unlawful harassment and threats have become unbearable.

6.      Defendant maintains a pattern and practice of hiring a workforce that is primarily male. It does, on occasion, hire a few females. However, the Defendant has failed to properly train and supervise its primarily male workforce with the result being that the few females who are hired are subjected to horrific harassment on account of their sex.

7.      Plaintiff has filed charges of employment discrimination with the Equal Employment Opportunity Commission. When the necessary administrative procedures have been exhausted and the Plaintiff receives a right-to-sue letter, Plaintiff will seek leave to amend her Complaint to seek full and complete relief under Title VII of the Civil Rights Act of 1964, as amended.

8.      Plaintiff was paid at the rate of $9.00 per hour. She was told that she would receive a pay raise to $10.00 per hour after 90 days of employment. She did not receive that pay raise, even though male employees regularly were paid $10.00 per hour.

9.      When Plaintiff complained about the unfair treatment with respect to wages, Defendant retaliated against her in various ways, including requiring Plaintiff to endure additional sexual harassment.

10.     The sexual harassment Plaintiff was required to endure was carried out by other hourly employees with the knowledge, approval and even participation of certain members of management.

11.     The Defendant maintained a practice which required employees to report to work at a specific time and place each morning. When the weather was too inclement to work in the

field at this reporting time, the employees, including the Plaintiff, were required to wait at the place assigned for further instructions. If the weather cleared, the employees would then begin to work. However, if the weather did not clear, or if the Defendant believed that the weather would not sufficiently clear to permit work. the employees. including the Plaintiff, were instructed to leave. On those days upon which employees were required to report and then eventually leave without going into the field, the Defendant did not compensate its employees for that time spent waiting for the weather to clear.

## COUNT ONE

12.     The Defendant violated the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. It did this by subjecting the Plaintiff to extreme and horrific sexual harassment on account of sex and by retaliating against her when she complained about this unlawful behavior.

13.     As the result of being constructively discharged, the Plaintiff has suffered loss of pay, benefits, and work experience. In addition, she has endured considerable emotional pain and embarrassment as the result of the unlawful conduct of the Defendant.

14.     Plaintiff accordingly prays for an Order granting her back pay, reinstatement and/or front pay, compensatory damages in the amount of $300,000.00. punitive damages in an amount not to exceed ten times the amount of compensatory damages awarded to her, an Order enjoining all unlawful conduct as alleged herein, attorney's fees, costs, and such further relief to which the Plaintiff may be entitled.

## COUNT TWO

15.     The Defendant denied the Plaintiff the same wages paid to male employees for work that was substantially equal in all material respects. In addition, the Defendant retaliated

against the Plaintiff when she complained about the failure to pay her at a rate that was the same being paid to male employees for substantially equal work.

16.     By this and other conduct, Defendant has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Equal Pay Act. Plaintiff seeks damages in an amount that will compensate her for the violations alleged herein, an equal amount as liquidated damages for the conduct described herein, which is specifically alleged to be willful, compensatory damages for the humiliation, embarrassment, and anguish suffered by the Plaintiff as a result of being unlawfully underpaid on account of her sex and for being retaliated against when she lawfully complained, attorney's fees, costs and such other relief to which the Plaintiff may be found entitled.

## COUNT THREE

17.     The Defendant violated the provisions of the Fair Labor Standards Act, as amended, with respect to the Plaintiff in several respects. The Defendant failed to keep accurate records of hours worked by the Plaintiff and occasionally forced her to perform work "off the clock" without compensation of any kind. Further, the Defendant had a defined employment practice of requiring employees to report to work at a certain time and place and then requiring those employees to remain there until a decision was made as to whether the weather permitted field work on that day. If it was eventually determined that the weather would not permit field work on that day, employees were eventually dismissed and permitted to leave. The Defendant did not compensate Plaintiff or any other employee for the spent waiting for further instructions. All of this conduct violated the minimum wage and overtime requirements of the Fair Labor Standards Act, as amended.

18.     The Defendant's violations of the Fair Labor Standards Act were willful.

19.    Plaintiff brings this Count on behalf of herself and on behalf of all similarly situated non-exempt employees, including all truck drivers, crew leaders, climber/bucket operators, and ground persons, together with all other non-exempt employees of the Defendant who were subjected to the same unlawful payroll practice complained of herein.

20.    Plaintiff accordingly seeks the following relief:

(a)    An Order allowing the Plaintiff to maintain this Count as a collective action pursuant to 29 U.S.C. § 216(b);

(b)    Requiring the Defendant to provide appropriate written notice to all similarly situated present and former employees of the Defendant as to the pendency of this action and allowing such employees to "opt in" as permitted by 29 U.S.C. § 216(b);

(c)    An Order requiring the Defendant to fully compensate Plaintiff for all unpaid minimum wages and overtime compensation as may be due and owing as a result of the violations of the Fair Labor Standards Act as alleged herein;

(d)    An Order requiring the Defendant to pay to all such similarly situated employees an equal amount for liquidated damages pursuant to law;

(e)    An Order granting the Plaintiff attorney's fees, costs, litigation expenses, and all other relief to which Plaintiff and the employees she represents are entitled to by virtue of all applicable laws.

21.    Plaintiff demands a jury to try all of the issues when properly joined.

**SHUMACKER WITT GAITHER &
WHITAKER, P.C.**

By: _Cynthia D. Hall (by HKS)_
      Cynthia D. Hall, #318248
      Frank P. Pinchak, #002094 (Tenn.)
      1100 SunTrust Bank Building
      736 Market Street
      Chattanooga, TN 37402-4856
      (423) 265-8881

**SAWYER & SAWYER**

By: _____
      H. Kimbrell Sawyer, III, #628060
      7587 Nashville Street
      Ringgold, GA 30736
      (706) 965-7580

# Exhibit "B"

## IN THE SUPERIOR COURT FOR CATOOSA COUNTY, GEORGIA

DONNA F. HIGDON,                )
                                )
    Plaintiff,               )       No. 04CV01195
                                )
v.                              )
                                )
W.A. KENDALL & CO., INC.,       )
                                )
    Defendant.               )

## NOTICE OF FILING OF NOTICE OF REMOVAL
### DIRECTED TO STATE COURT

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, Defendant W.A. Kendall & Co., Inc. did on this date file in the United States District Court for the Northern District of Georgia, a Notice of Removal of this civil action to said Court, a copy of which has been attached hereto. Copies of this Notice and the Notice of Removal have been served on counsel for Plaintiff.

Respectfully submitted this _31 ST_ day of August, 2004.

Chad A. Shultz
Ga. Bar No. 644440
FORD & HARRISON, LLP
1275 Peachtree Street NE
Suite 600
Atlanta, Georgia 30309
(404) 888-3800

ATTORNEY FOR DEFENDANT

-1-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL DIRECTED TO STATE COURT upon the following via U.S. Mail, postage prepaid, on this _31st_ day of August, 2004:

Cynthia D. Hall
Frank P. Pinchak
Shumacker Witt Gaither & Whitaker, P.C.
1100 SunTrust Bank Building
736 Market Street
Chattanooga, TN 37402-4856

H. Kimbrell Sawyer III
Sawyer & Sawyer
7587 Nashville Street
Ringgold, GA 30736

ATTORNEY FOR DEFENDANT

Atlanta:350960.1

-2-